IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL H. SHAUT, | ) | CASE NO.: 1:18 CV 420 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| ANDREW HATCH, *et al.*, | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |

This matter is before the Court on the Respondents' Motion to Dismiss Petitioner's

Motion to Vacate the Arbitration Award, and/or to Strike Petitioner's Motion to Vacate the

Arbitration Award and for Sanctions. (ECF #8) For the reasons that follow, Respondents' Motion

to Dismiss the Motion to Vacate the Arbitration Award is granted.

## FACTS

Petitioner Michael H. Shaut began this action in this Court on February 16, 2018 by filing

a Motion to Vacate an Arbitration Award against him that was issued on November 21, 2017 in

an arbitration captioned *John Hart, et al., v. Downing Investment partners, et al.*, American

Arbitration Association arbitration Case No. 01-16-0005-1632. (See ECF #1) Following a

"documents only" arbitration conducted in Philadelphia, Pennsylvania, the Arbitrator awarded

damages to Respondents in the amount of $2,423,190.94 (including $1,109,444.97 in punitive

damages) against Petitioner Michael H. Shaut, jointly and severally with other Respondents who

are not part of the action before this Court.[1] In his Motion to Vacate Petitioner seeks to vacate the

---

1

The Arbitration involved Claimants John Hart, Andrew Hatch, Stephen Forden, and Ed
Stefanides against Respondents Downing Investment Partners, LP, Downing Partners,

Award, only as against him, pursuant to 9 U.S.C. § 10.

Two months prior to Petitioner's filing of this action, on December 1, 2017, Respondents (the successful Claimants in the Arbitration proceeding) filed a Petition to Confirm the Arbitration Award in the Supreme Court of the State of New York, New York County, the district in which Respondents allege the Award was rendered. Petitioner Shaut was served with Respondent's Petition to Confirm the Award on December 21, 2017. On or about February 22, 2018, Respondents' counsel served a Notice of Settlement and Proposed Judgment on Petitioner Shaut. The same proposed Judgment was submitted to Judge Goetz of the Supreme Court of New York, New York County along with a proposed bill of costs. Judge Goetz signed and entered the proposed Judgment and the Bill of Costs on February 23, 2018. On March 20, 2018, Judge Goetz signed a Judgment confirming the Arbitration Award and that Judgment was filed with the County Clerk's Office, New York on April 12, 2018. Thereafter, Judge Goetz signed an Order to Show Cause which restrained and enjoined Petitioners therein from taking any action to enforce the April 12, 2018 Judgment against Michael H. Shaut. Judge Goetz is scheduled to hold a hearing on two motions filed by Petitioner Shaut, one motion to dismiss the New York action as to Mr. Shaut for lack of jurisdiction, and one motion to vacate the Judgment confirming the Arbitration Award entered against Mr. Shaut. Petitioner Shaut has also filed a Notice of Appeal to the Appellate Division, First Department appealing Judge Goetz' Judgment dated April 12, 2018, confirming the Arbitration Award.

---

LLC, Hanover Square Capital Partners, LP, Cliniflow Technologies, LLC, 3SI Systems, LLC, David W. Wagner, Michael H. Shaut, Greg Auda, Richard Buckingham, Jeff Rice, Marc M. Lawrence, Brett Giffin, and the Wagner Family Educational Trust y/t/d 1/20/2004.

Respondents Andrew Hatch, John Hart, Stephen Forden and Ed Stefanides now move to Dismiss the Motion to Vacate the Arbitration Award pursuant to Fed. R. Civ. P. 12(b)(5) and (6) arguing that (1) Respondents have not been properly served pursuant to 9 U.S.C. § 12 of the Federal Arbitration Act ("FAA"); (2) Petitioner's Motion to Vacate is time barred under the three month time period under 9 U.S.C. § 12 of the FAA; (3) Petitioner's Motion is barred by the doctrine of *res judicata* as the Arbitration Award at issue has already been confirmed by Judge Paul Goetz of the New York Supreme Court, New York County; and finally Respondents alternatively assert that the Court should strike Petitioner's 87 page Motion to Vacate because it violates the 20 page limit for dispositive motions set forth in Local Rule 7.1(f) and sanction Petitioner because he ignored Respondents' letters informing him of the Local Rule and Respondents' intention to seek sanctions for the page limit violation and for filing two allegedly false certificates of service. (ECF #8) Petitioner has filed an Opposition to the Motion to Dismiss, Respondents' have filed a Reply brief in Support of their Motion to Dismiss and Petitioner has filed a Sur-Reply. The Motion to Dismiss is now ready for decision.

## ANALYSIS

### I. Motion to Dismiss for Improper Service

While Motions to Dismiss for improper service in federal court brought pursuant to Fed. R. Civ. P. 12(b)(5) are usually governed by the service rules in Rule 4, in this case since Petitioner filed this action to vacate an arbitration award pursuant to federal arbitration rules set forth in 9 U.S.C. §§ 10 and 11, the service requirements are found in Section 12 of the arbitration rules. Thus, methods of proper service for a Motion to Vacate an Arbitration Award are governed by 9 U.S.C. § 12. Section 12 provides in relevant part:

Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. **If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found** in like manner as other process of the court.

(Emphasis added). Here, the parties agree that Respondents are "nonresidents" thus, under the provisions of §12, Respondents should have been served by a marshal. Instead, Petitioner's counsel served an incomplete copy of the Motion to Vacate (unsigned and lacking exhibits) on Respondents' counsel via email on February 16, 2018, the day the Motion was filed with this Court. Petitioner's counsel later sent a copy of the Motion to Vacate to Respondents' counsel by United States Postal Service on February 26, 2018, which was received by Respondents' counsel on February 27, 2018. Respondents' further assert that the certificate of service attached to Petitioner's Motion to Vacate filed with this Court was false when filed as it certifies that Petitioner's counsel served a copy of the Motion to Vacate on Respondents' counsel via U.S.P.S. on February 16, 2018. On March 12, 2018, Petitioner's counsel filed a "Notice of Amended Certificate of Service" (ECF #5) that states that a true and accurate copy of the Motion to Vacate was served via electronic mail on Respondents' counsel on February 16, 2018. Petitioner's counsel did not seek consent from Respondent's counsel to accept service of the Motion to Vacate nor did he ever seek consent to make such service by electronic mail.

The wording of § 12 is clear. Service by marshal is required if the adverse party is a nonresident. Courts have regularly enforced this requirement. See *PTA-FLA, Inc., v. ZTE USA*, 2015 WL 12819186 (M.D. Fla. 2015) (service by private process server instead of a marshal

insufficient); *Eagle Energy, Inc. v. United Mine Workers*, 177 F.R.D. 357, 359 (S.D. W.Va. 1998)(notice of motion by mail insufficient); *Jason v. Halliburton Co.*, No. 02-1593, 2002 U.S.Dist. LEXIS 19796, at *5, *9-10 (E.D. La. Oct. 15, 2002 (same); *Oberwager v. McKechnie, Ltd.*, No. 06-2685, 2007 U.S. Dist. LEXIS 90869, at *25-28 (E.D. Pa. Dec. 10, 2007) (email service insufficient).

Petitioner asserts that service compliant with Fed. R. Civ. P. 4 is sufficient as the purpose of Section 12 is to ensure that Respondents are properly notified to avoid the risk of surprise. See *Day v. Zimmeran, Inc.*, E.D. Pa. Case No. 11-6008, 2012 U.S. Dist. LEXIS 151222 at *14 (Oct. 22, 2012) (permitted email service because adverse party had consented to such service) However, Petitioner's request to ignore the clear language of § 12 in this instance is unpersuasive. While some courts have permitted service by alternate methods based upon the facts or equities in those cases, the facts presented here do not support a variance from the required method of service set forth in §12. Petitioner did not seek Respondents' consent for email service here. While email service was used in the underlying arbitration, Petitioners's attorney specifically refused to accept service or email service when asked by Respondents' counsel prior to Respondents' filing to confirm the Arbitration Award in New York Supreme Court. Having refused such service six weeks before filing here, Petitioner's arguments of consent–or implied consent ring false. Further, Petitioner's fairness arguments are hollow because dismissal of this action will not deprive him the opportunity of review of the Arbitration Award as that has already been addressed by the New York court and the confirmation of the Award is now on appeal. In these circumstances, Petitioner's non-compliance with the service requirements of §12 merit dismissal of the action.

II. Petitioner's Motion to Vacate is Untimely

Respondents also contend that even if the Court should determine that they were properly served, Petitioner's Motion to Vacate is untimely because they were not served within the mandatory and strictly construed three month time period set forth in § 12. The Arbitration Award in this case was served on counsel for all parties on November 22, 2017, thus pursuant to § 12, Petitioner had three months to serve Respondents with a motion to vacate *i.e.*, by February 22, 2018. Even assuming Petitioner properly served Respondents by mail on February 27, 2018, the service was untimely. In response, Petitioner argues that Section 12 should be equitably tolled if service was ineffectual to permit him to effectuate service by marshal. However, when viewing the applicable standard to apply equitable tolling it is clear that Petitioner has not met the standard. A "petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Here, Petitioner has offered no evidence that he has been pursuing his rights diligently or that some extraordinary circumstance prevented his proper completion of the service requirements. As such, equitable tolling is not applicable here.

III. Petitioner's Motion to Vacate is Barred by the Doctrine of *Res Judicata*.

Respondents assert that the Judgment Order confirming the Arbitration Award signed and entered by Judge Goetz on March 20, 2018 and filed by the County Clerk's Office, New York on April 12, 2018 (ECF #21, Carmel Aff., Ex. C) bars this action under the doctrine of *res*

*judicata*[2]. Federal courts are required to "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982). *Id.* at 466; *ABS Indus., Inc., ex rel. ABS Litig. Trust v. Fifth Third Bank*, 333 Fed.Appx. 994, 998 (6ᵗʰ Cir. 2009). Since Respondents ask to have a New York state court judgment given preclusive effect, this Court must apply New York law, as the state in which the prior judgment was rendered, to determine whether and to what extent the prior judgment should be given preclusive effect in this federal action. *See Ward v. Wyandot County Bd. of Comm'rs*, Case No. 3:04 CV 7552, 2005 WL 81903, at *1 (N.D. Ohio Jan. 7, 2005).

The doctrine of *res judicata*, or claim preclusion, applies in "later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir.2007) (quoting *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir.1985)). If those elements are met, a "final

---

2

*Res judicata* is not ordinarily pled as affirmative defense and thus it will not typically serve as the basis for a motion to dismiss. However, "[i]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)." *Magi XXI, Inc. v. Stato Della Cit%22a Del Vaticano*, 22 F. Supp. 3d 195, 201 (E.D.N.Y. 2014) *citing Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir.1998); *see also Michaelesco v. Estate of Richard*, 355 Fed.Appx. 572, 573 (2d Cir.2009) (holding there was no merit to plaintiff's position that the defense *of res judicata* is not properly raised on a motion to dismiss) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir.1992)).

7

judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Saud v. Bank of New York*, 929 F.2d 916, 918–19 (2d Cir.1991) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). *Res judicata* acts as a bar "not only as to what was pleaded, but also as to what could have been pleaded." *In re Teltronics Servs., Inc.*, 762 F.2d at 193.

In this case Petitioner asserts that the first element of *res judicata* has not been met because the "final Judgment" of Judge Goetz was stayed on April 30, 2018.[3] However, the April 30, 2018 Order referred to by Petitioner does not stay the April 12, 2018 Judgment confirming the Arbitration Award. Rather, the April 30, 2018 Order enjoins Respondents from enforcing the Judgment against Petitioner. Petitioner admits that after Respondents moved to dismiss Petitioner's Motion to Vacate, they "did subsequently seek and obtain the requisite final judgment order." (ECF #18 at 9) Indeed, Petitioner has filed an appeal of that final Judgment. Accordingly, *res judicata* applies here, and Petitioner's action is barred.[4]

## CONCLUSION

For the reasons set forth above, Respondents' Motion to Dismiss the Motion to Vacate the Arbitration Award against Petitioner (ECF # 8) is granted and the alternative Motion to

---

[3]

Petitioner has not disputed that the other three elements of *res judicata* are satisfied here. Clearly the Supreme Court of New York, New York County is a court of competent jurisdiction; the case filed there involves the same parties or their privies; and this action involves the same cause of action or issues that could have been litigated there.

[4]

Even if *res judicata* did not apply here, under principles of deference to the court of first filing, this Court would have considered staying its hand. See *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 198, 120 S. Ct. 1331, 1335–36, 146 L. Ed. 2d 171 (2000)

Strike and for Sanctions is denied.  This action is DISMISSED.

    IT IS SO ORDERED.

_Donald C. Nugent_
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED:  _July 23, 2018_